UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   23-60250-CR-BLOOM

UNITED STATES OF AMERICA

      Plaintiff,

vs.

RICHELLE HOLNESS,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and RICHELLE HOLNESS (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 2 of the Information. Count 2 charges the Defendant with Fraud in Connection with Emergency Benefits, in violation of Title 18, United States Code, Section 1040(a)(2).

2. In exchange for the Defendant's agreement to plead guilty to Count 2, this Office agrees to move to dismiss Count 1 of the Information after sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying

in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but it is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant understands and acknowledges that, as to Count 2, the maximum sentence is thirty (30) years' imprisonment followed by a term of up to five (5) years of supervised release. The Defendant also understands that the Court may impose a fine of up to $250,000. In addition to a term of imprisonment and supervised release, the Court must order forfeiture and restitution.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100.00 will be imposed on the Defendant. The Defendant agrees that any special assessment

imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the guideline calculation:

   a. Base Offense Level: This Office and the Defendant agree that the base offense level is 7 pursuant to Sentencing Guideline Section 2B1.1(a)(1);

   b. Loss Amount: This Office and the Defendant agree that the actual loss is more than $15,000.00 but less than $40,000 resulting in an increase of four (4) offense levels pursuant to Sentencing Guideline Section 2B1.1(b)(1);

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's

offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the

Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that the Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10. Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

14. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant

hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of her right to appeal her sentence. The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the Defendant is pleading guilty are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of her right to appeal the sentence imposed in this case and her right to appeal her conviction in the manner described above was knowing and voluntary.

15. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 11/14/24      By: _____
                          JUSTIN MCCORMACK
                          ASSISTANT UNITED STATES ATTORNEY

Date: 11/14/24      By: _____
                          DAVID A. HOWARD
                          ATTORNEY FOR DEFENDANT

Date: 11/14/2024    By: _____
                          RICHELLE HOLNESS
                          DEFENDANT